UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYNTHIA M., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-5176 BHS <br><br> ORDER REVERSING AND REMANDING DENIAL OF BENEFITS |

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex:  Female

    Age:  59 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff:  Type II diabetes mellitus, chronic obstructive pulmonary disease, coronary artery disease, irritable bowel syndrome, lower back pain, gastroesophageal reflux disease, degenerative disc disease, and anxiety.  Admin. Record ("AR") (Dkt. # 5) at 109.

Disability Allegedly Began:  March 24, 2015

Principal Previous Work Experience:  Medical secretary, short-order cook

Education Level Achieved by Plaintiff:  Two years of college

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ") Allen G. Erickson:

Date of Hearing: November 2, 2017

Date of Decision: February 27, 2018

Appears in Record at: AR at 17–30

Summary of Decision:

    The claimant has not engaged in substantial gainful activity since March 24, 2015, the alleged onset date. *See* 20 C.F.R. §§ 404.1571–76.

    The claimant has the following severe impairments: Diabetic neuropathy, left knee degenerative joint disease, chronic obstructive pulmonary disease, irritable bowel syndrome, obesity. *See* 20 C.F.R. § 404.1520(c).

    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

    The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, crouch, kneel, and crawl. She can occasionally use foot controls bilaterally. She can tolerate occasional exposure to vibration, temperature extremes, humidity extremes, and concentrated levels of dust, fumes, gases, odors, and pulmonary irritants. She must have ready access to bathroom facilities.

    The claimant is capable of performing past relevant work as a medical secretary. This work does not require the performance of work-related activities precluded by the claimant's RFC. *See* 20 C.F.R. § 404.1565.

    The claimant has not been under a disability, as defined in the Social Security Act, from March 24, 2015, through the date of the ALJ's decision. *See* 20 C.F.R. §§ 404.1520(f).

Before Appeals Council:

Date of Decision: January 7, 2019

Appears in Record at: AR at 1–3

Summary of Decision: Denied review.

### III.  PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff[1]   (X) Commissioner

### IV.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one

---

[1] Plaintiff did not file a reply brief.

rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

A. Whether the ALJ reasonably rejected the opinions of treating providers William Holderman, M.D. and Melissa Sharp, PA-C.

B. Whether newly submitted evidence undermined the ALJ's nondisability determination.

# VII. DISCUSSION

A. **The ALJ Did Not Harmfully Err in Rejecting the Opinions of Dr. Holderman and Ms. Sharp**

Plaintiff argues that the ALJ erred in rejecting the opinions of Plaintiff's treating physician, Dr. Holderman, and treating physician's assistant, Ms. Sharp. Pl. Op. Br. (Dkt. # 7) at 2–4. In October 2017, these two treating providers responded to a series of written questions from Plaintiff's counsel. AR at 850–51. On a single form, the two providers indicated that they had treated Plaintiff for irritable bowel syndrome and diverticulitis since before March 2015. *Id.* at 850. The providers opined that the nature and severity of Plaintiff's conditions was consistent with Plaintiff's testimony that (a) she has severe abdominal cramping every other day, with diarrhea severe enough that she would need to use the toilet every 30 minutes two to three times a week; (b) she schedules doctor appointments in the morning and does not eat prior to the appointment to be able to get through it without going to the toilet; and (c) wears Depends protective clothing, but still has discharges that leak out, requiring her to clean herself and change her clothing, on average once a week. *Id.* at 850–51.

The ALJ gave these opinions little weight. *Id.* at 28. The ALJ reasoned that the opinions were given on a form that was "clearly completed by the claimant's representative, and the assertions therein are therefore the opinions of the representative and not [Dr. Holderman and Ms. Sharp]." *Id.* The ALJ explained that "there is no way that the claimant's doctors would know how often she experiences leakage to the point that she needs to change her clothing outside of her house." *Id.* The ALJ determined that

these opinions were also inconsistent with the providers' treatment records. *Id.* The ALJ noted, however, that he had included a requirement of ready access to bathrooms in the RFC, which the ALJ believed would account for the treating providers' opinions if they had been accepted. *Id.* The ALJ also noted that the vocational expert testified that Plaintiff could perform her past relevant work even with a requirement for ready access to bathrooms, so accepting the treating providers' opinions would not change the non-disability determination. *Id.*

An ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" to reject the opinion of a treating doctor when they are contradicted. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). An ALJ need only provide germane reasons to reject the opinions of a physician's assistant. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)). The ALJ did not meet either standard here.

The ALJ's first reason for rejecting the treating providers' opinions, and Plaintiff's argument against the ALJ's decision, both misunderstand the scope of the opinions provided. The providers did not opine that once a week Plaintiff had diarrhea so severe that she would have to change her clothes, for example. They opined only that the nature and severity of Plaintiff's conditions were consistent with Plaintiff's testimony that she had those symptoms. *See* AR at 850–51. The ALJ thus erred in rejecting the providers' opinions based on his reasoning that the opinions were clearly those of Plaintiff's

representative because the doctors could not know the frequency and severity of Plaintiff's symptoms. *See id.* at 28.

The ALJ's second reason for rejecting the treating providers' opinions is not specific enough to withstand scrutiny. An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But an ALJ's rejection of a doctor's opinion on the ground that it is contrary to or inconsistent with clinical findings in the record is "broad and vague," and fails "to specify why the ALJ felt the treating physician's opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ did not point to any particular inconsistencies between Dr. Holderman's opinions and his treatment records, or between Ms. Sharp's opinions and her treatment records. *See* AR at 28. The ALJ thus erred in rejecting those treating providers' opinions as inconsistent with their treatment records.

The ALJ's errors in rejecting the treating providers' 2017 opinions were nonetheless harmless. An error is harmless when it is inconsequential to the nondisability determination. *See Molina*, 674 F.3d at 1115. The fact that both providers opined that the nature and severity of Plaintiff's conditions were consistent with Plaintiff's symptom testimony is irrelevant because the ALJ discounted Plaintiff's symptom testimony, and Plaintiff did not challenge that determination. *See* Pl. Op. Br. at 1–5. Consequently, even if the ALJ had accepted the providers' 2017 opinions, it would not change the

outcome because Plaintiff does not dispute that the ALJ reasonably rejected Plaintiff's symptom testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (noting that a reviewing court ordinarily will not consider matters that are not specifically and distinctly argued in the opening brief). The ALJ's errors were therefore harmless.

**B.     Plaintiff's Newly Submitted Evidence Deprived the ALJ's Decision of Substantial Evidentiary Support**

Plaintiff argues that a letter from Ms. Sharp submitted to the Appeals Council after the ALJ's decision requires remand. Pl. Op. Br. at 4–5. In a letter dated April 11, 2018, Ms. Sharp explained Plaintiff's diagnoses and the treatment she has received. AR at 12–13. Ms. Sharp noted that Plaintiff was limited in her activities of daily living by her access to restrooms and ability to make it to them in time. *Id.* at 12. Ms. Sharp noted that Plaintiff wore adult diapers and carried a change of clothes to every medical visit. *Id.* Ms. Sharp reported that Plaintiff struggled with bowel control, and would need "frequent access to restrooms, intermittently through the day for undetermined windows of time." *Id.* Ms. Sharp opined that Plaintiff's symptoms would make it very challenging for her to maintain full employment. *Id.* at 12–13.

The Appeals Council noted Ms. Sharp's April 2018 letter, but found that it "d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision." *Id.* at 2. The Appeals Council erred in reaching this conclusion.

When additional evidence is submitted for the first time to the Appeals Council, the Court must consider whether the ALJ's decision remains supported by substantial

evidence in light of the new evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The ALJ's decision here does not remain so supported in light of Ms. Sharp's April 2018 letter because it is no longer clear that the RFC adequately accounts for Ms. Sharp's opinions. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding that the ALJ's RFC assessment and step five determination were not supported by substantial evidence where the ALJ's RFC and hypotheticals to the vocational expert failed to include all of the limitations supported by the evidence). The ALJ's reasons for rejecting Ms. Sharp's 2017 opinions cannot be applied to the 2018 opinions because those reasons were erroneous. *See supra* Part VII.A. Therefore, Ms. Sharp's 2018 opinions must be evaluated on remand to determine if and how they affect Plaintiff's RFC.

**C.     Scope of Remand**

Plaintiff briefly asks the Court to remand for an award of benefits, but does not present any detailed argument in support of her position. *See* Pl. Op. Br. at 5. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and

whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings. The Court cannot determine how much weight should be given to Ms. Sharp's 2018 opinions. *See Andrews*, 53 F.3d at 1039. The Court also cannot translate those opinions into an RFC or determine if Plaintiff could work with that RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Therefore, this matter must be remanded for further administrative proceedings.

On remand, the ALJ must evaluate Ms. Sharp's 2018 opinions, and reassess the disability evaluation as appropriate. The ALJ shall conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Plaintiff disability benefits is **REVERSED** and this matter is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 12th day of September, 2019.

BENJAMIN H. SETTLE
United States District Judge